### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

**LEIKEISHA L. LEMON,**

      **Plaintiff,**

**vs.**                        **Case No. 4:11cv214-SPM/WCS**

**CHATTAHOOCHEE SECURITY
GUARDS, and FRANKLIN
COUNTY SHERIFF'S DEPARTMENT,**

      **Defendants.**

_____/


## ORDER and REPORT AND RECOMMENDATION

Plaintiff filed a motion seeking leave to proceed *in forma pauperis*, doc. 2, and a complaint, doc. 1.  Ruling was deferred on Plaintiff's original *in forma pauperis* motion and she was directed to file an amended motion providing additional information.  Doc. 7.  Plaintiff has now complied and filed the amended motion.  Doc. 9.

Plaintiff indicates she is currently unemployed, having last worked only briefly in 2001.  Doc. 9.  Plaintiff receives only Social Security income.  Good cause having been shown, the motion is granted.  The Clerk of Court shall file the complaint without requiring payment of the filing fee.

Plaintiff also submitted an amended complaint, doc. 8.  The Defendants named in this case are the: (1) Jailhouse, City of Franklin County Police Department in Apallachicola, Florida; (2) Security Guard DK name in Chattahoochee, Florida; and (3) Jeffrey Lockley, a bondsman whose address is not provided, but who is in Apalachicola. Doc. 8.  A Jailhouse cannot be named as a Defendant as such an entity is not a person under 42 U.S.C. § 1983.  Moreover, as Plaintiff was previously advised, a Police Department exists for a city, like Apalachicola.  A county, like Franklin County, has a Sheriff's Department.  Plaintiff continues to confuse these two in naming the Defendants.  It is not necessary, however, for Plaintiff to correctly identify *which* law enforcement entity was involved because Plaintiff acknowledges the events of her case took place in 2003.  Doc. 8, p. 3.  The claims are time barred by the four-year statute of limitations.  Thus, there is no need to try to obtain further clarification.

Furthermore, Plaintiff has ailed to allege the violation of a Constitutional right. She contends that she had two altercations and was arrested and committed under the Baker Act.  Plaintiff spent six months in jail and claims they treated her horribly.  Plaintiff does not provide any factual allegations demonstrating that her Constitutional rights were violated in her detention and fails to provide any specific facts showing how she was treated.  A general claim that Plaintiff was treated "horribly" is too vague to demonstrate a constitutional claim.

Plaintiff cannot challenge the legality of her detention in jail as that is a habeas claim.  Such claims cannot proceed in a civil rights action.  Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994).

Accordingly, it is

**ORDERED:**

1.  Plaintiff's motion for leave to proceed *in forma pauperis*, doc. 9, is **GRANTED**.

2.  Plaintiff's motion for the appointment of counsel, doc. 10, is **DENIED**.

**REPORT AND RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 8, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and because the claims are barred by the statute of limitations, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on June 3, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**